IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-73,461-01




NOLAN FREDERICK JOHNSON, Relator

v.

DALLAS COUNTY DISTRICT CLERK, Respondent




ON PETITION FOR A WRIT OF MANDAMUS
CAUSE NO. W07-23502-R(A) IN THE 265TH JUDICIAL DISTRICT COURT 
FROM DALLAS COUNTY




           Per curiam.

ORDER


            Relator has filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. In it, he contends that he filed an 11.07 application for a writ of habeas
corpus in the convicting court on December 10, 2009 and that the State filed a response on December
28, 2009. He alleges that more than 35 days have elapsed since the filing date and that a timely order
designating issues was not signed. 
 
            On February 24, 2010, this Court held this application in abeyance and ordered the district
clerk to respond because more than 35 days had elapsed since the alleged filing date and this Court
had no record of a timely entered order designating issues. In response to this Court’s order, the
district clerk promptly forwarded a copy of an order designating issues that was signed on February
11, 2010. 
            Upon receipt of an application for a writ of habeas corpus challenging a final felony
conviction, the attorney representing the State has 15 days to respond. Tex. Code Crim. Proc. art.
11.07 §(b). After the expiration of the time allowed for the State to respond, the trial court is allowed
20 days to determine whether the application contains allegations of controverted, previously
unresolved facts material to the legality of the applicant’s confinement. Tex. Code Crim. Proc. art
11.07 §3(c). If the trial court determines that the application for writ of habeas corpus presents such
issues it “shall enter an order within 20 days of the expiration of the time allowed for the state to
reply, designating issues of fact to be resolved.” Id. Article 11.07 does not authorize the trial court
to extend the time limitations imposed by the statute, other than by a timely entry of an order
designating issues. McCree v. Hampton, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992). Without a
timely order designating issues, Article 11.07 imposes a duty upon the clerk of the trial court to
immediately transmit to this Court the record from the application for a writ of habeas corpus,
deeming the trial court’s inaction a finding that no issues of fact require further resolution. Tex.
Code Crim. Proc. art. 11.07 §3(c).
             In this case, based on Relator’s allegations, the order designating issues does not appear to
be timely. The respondent, the District Clerk of Dallas County, is ordered to file a further response,
indicating when the State was served with the application for a writ of habeas corpus. If the State
was served more than 35 days before the Order Designating Issues was signed, the District Clerk is
ordered to submit the record on this habeas corpus application. This motion for leave to file a writ of mandamus shall be held in abeyance until the
respondent has submitted the appropriate response. Such response shall be submitted within 30
days of the date of this order.
 
Filed: March 10, 2010
Do not publish